IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION COMPANY, a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 4:06CV3235 |
| v. | ) ) | |
| D. M. DOZERS, Inc., an Oklahoma Corporation, and WESTERN SURETY, Company, a South Dakota Corporation, | ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS OR TO CHANGE VENUE |
| Defendants. | ) ) | |

On October 2, 2006, the plaintiff, Dobson Brothers Construction Company f/k/a Western Plains Construction Company (Dobson Brothers), filed a two-count complaint against Defendants D.M. Dozers, Inc. (D.M. Dozers) and Western Surety Company (Western Surety). (See Compl., filing 1.) The defendants have each moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or, alternately, for a transfer of the case to another district pursuant to 28 U.S.C. § 1404. (See filings 11, 14.) The plaintiff, in turn, has moved to strike a consolidated reply brief filed by the defendants in support of their motions. (See filing 30; see also filing 26.) For the following reasons, I find that the defendants' motions must be denied, and the plaintiff's motion to strike must be granted.

**I. BACKGROUND**

Dobson Brothers is a Nebraska Corporation with its principal place of business in the State of Nebraska. (Compl., filing 1, ¶ 1.) On January 1, 2005, Western Plains Construction Company (Western Plains) merged into Dobson Brothers, and Dobson Brothers is the surviving company of that merger. (See id.) D.M. Dozers is an Oklahoma corporation that is neither "domiciled or registered in Nebraska." (D.M. Dozers' Br., filing 13, at 2 ¶ 4 (citation omitted).) Western Surety is a South Dakota corporation. (Compl., filing 1, ¶ 3.)

1

Prior to the merger with Dobson Brothers, Western Plains entered into a contract with the Oklahoma Department of Transportation (ODOT) for highway construction on US-81 in Canadian County, Oklahoma. (Compl., filing 1, ¶ 6; see also id., Ex. 1 at 1.) Thereafter, Western Plains entered into a subcontract agreement with D.M. Dozers for the performance of certain work on the Canadian County project. (Compl., filing 1, ¶ 7; see also id., Ex. 1.) The subcontract contains the following terms:

> 9.1 This Subcontract shall be construed under the laws of the State of Nebraska. No action or proceeding shall be instituted by Subcontractor against Contractor upon any claim arising out of or relating to this Subcontract or the breach thereof, unless such action or proceeding shall be commenced within one year after the final acceptance.
>
> 9.2 Subcontractor consents to the jurisdiction of the District Court of Lancaster County, Nebraska or the United States District Court for the District of Nebraska.

(Compl., filing 1, Ex. 1 at 4.)

Section 2.1 of the subcontract required D.M. Dozers "to provide performance and payment bond in amount of subcontract price on a form approved by and with a surety acceptable to" Western Plains. (Compl., filing 1, Ex. 1 at 1.) On October 21, 2003, a performance bond naming D.M. Dozers as "Principal," Western Surety as "Surety," and Western Plains as "Obligee" was signed by D.M. Dozers and Western Surety. (Compl., filing 1, Ex. 2, at 1-2.) The performance bond incorporated the subcontract by reference. (See id. at 1.)

On October 2, 2006, Dobson Brothers filed a complaint alleging that D.M. Dozers "breached its standard of care and the terms of the Subcontract," that D.M. Dozers' breach has caused Dobson Brothers to suffer damages, and that D.M Dozers and Western Surety have refused to make any payments to compensate Dobson Brothers for these damages. (Compl., filing 1, ¶¶ 10, 12-14.) D.M. Dozers and Western Surety have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). (See filings 11, 14.) In the alternative to dismissal, the defendants argue that the case should be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404. (See filings 11, 14.) My analysis of the defendants' motions follows.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(3)

D.M. Dozers and Western Surety argue first that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). (See D.M. Dozers' Br., filing 13, at 3-4; Western Surety's Br., filing 15, at 2-3.) More specifically, the defendants argue that the District of Nebraska is not a proper venue for this case because none of the subparts of 28 U.S.C. § 1391(a) are satisfied. Section 1391(a) provides,

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The defendants argue that subpart (1) is not satisfied because D.M. Dozers and Western Surety reside in different states; subpart (2) is not satisfied because a substantial part of the events giving rise to the claim did not occur in Nebraska; and subpart (3) is not satisfied because the action can be brought in Oklahoma. (See D.M. Dozers' Br., filing 13, at 3; Western Surety's Br., filing 15, at 2.)

I am not persuaded by the defendants' suggestion that venue is improper in this district under § 1391(a)(1). "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The defendants are corporations, and they have not argued that they are not subject to personal jurisdiction in the District of Nebraska. On the contrary, it appears that each defendant has consented to the jurisdiction of this court. (See Compl., filing 1, Ex. 1 at 4 ("Subcontractor consents to the jurisdiction of the . . . United States District Court for the District of Nebraska."); id., Ex. 2, at 1 (stating that the subcontract is made a part of the performance bond).) Therefore, I find that the defendants "reside" in the District of Nebraska within the meaning of § 1391(a)(1), and venue is appropriate in this district.

I note in passing that Western Surety argues that its subcontract performance bond contains a forum selection clause providing that this action can only be brought "in the court where the construction project occurred, which is Oklahoma." (Western Surety's Br., filing 15, at 2; see also id. at 3.) However, the language relied upon by Western Surety appears in the payment bond; no such language appears in the performance bond. (Compare Compl., filing 1, Ex. 2 at 2 with id. at 3.) Since the plaintiff's claim against Western Surety is based upon the performance bond, (see Compl., filing 1, ¶¶ 14, 21-24), I am not persuaded that the payment bond's forum selection clause should be given effect.

### B. Transfer Pursuant to 28 U.S.C. § 1404

The defendants also argue that this action should be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404. In relevant part, that section provides,

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). As the foregoing language suggests, courts consider three general factors when determining whether an action ought to be transferred pursuant to § 1404(a): "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. (citations omitted). In Terra International, Inc., the Eighth Circuit listed several factors "that courts traditionally consider when deciding a motion to transfer." See id. at 696. Five of these relate to the overall "balance of convenience" between the two forums: "(1) the convenience of the parties, (2) the convenience of the witnesses–including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. (citation omitted). Seven additional factors relate to the "interest of justice": "(1) judicial economy, (2) the

plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id. (citation omitted). Also, "courts have determined that a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" Id. at 691 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Indeed, the Eighth Circuit has recently stated that "[w]here . . . the forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). The parties have cited several of the foregoing factors in their briefs, (see D.M. Dozers' Br., filing 13, at 4-8; Dobson Brothers Br., filing 20, at 4-12),[1] and I shall consider each of their arguments in turn.

1.   The Convenience of the Witnesses

The defendants argue first that the convenience of the witnesses weighs in favor of transferring the action to the Western District of Oklahoma. (See D.M. Dozers' Br., filing 13, at 5.) In support of this argument, the defendants identify a number of "essential witnesses" who "work[] out of" or reside within the Western District of Oklahoma; summarize these witnesses' expected testimony; and assert, "All non-party witnesses that would testify about anything in regard to Plaintiff's damages and D.M. [Dozers'] actions are in Oklahoma." (See id.; Defs.' Index, filing 17, Ex. A, Mainka Aff. ¶¶ 5-10.) In response, the plaintiff identifies three witnesses who reside in Nebraska. (See, e.g., Pl.'s Index, filing 21, Ex. 1, Olson Aff. ¶ 8.)[2]  Although

---

[1] Western Surety has "adopt[ed] the evidence and argument of . . . D.M. Dozer[s] in its . . . motion to change venue." (Western Surety's Br., filing 15, at 3.)

[2] The plaintiff also argues that because the defendants have failed to "demonstrate the materiality and importance of the anticipated witnesses' testimony," this factor does not weigh in the defendants' favor. (See Pl.'s Br., filing 20, at 7-8 (citing Medicap Pharmacies, Inc. v. Faidley, 416 F. Supp. 2d 678, 687 (S.D. Iowa 2006)).) However, it seems to me that Danny Mainka's affidavit, which includes a general description of the witnesses' probable testimony, is sufficient to establish the importance of their testimony. (See Defs.' Index, filing 17, Ex. A, Mainka Aff. ¶¶ 5-10.)

"sheer numbers of witnesses will not decide which way the [general] convenience factor tips," Terra International, Inc., 119 F.3d at 696 (quoting Terra International, Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1360 (N.D. Iowa 1996)), it seems to me that a transfer to the Western District of Oklahoma would be convenient for the majority of the witnesses who are likely to testify in this case. In short, this factor weighs in favor of a transfer.

2.    The Ability to Subpoena Witnesses

The defendants argue next that since the Oklahoma witnesses cannot be compelled to appear to testify in the District of Nebraska, the action must be transferred. (See D.M. Dozers' Br., filing 13, at 6.) However, there is no evidence that any of the defendants' out-of-state witnesses would be unwilling to come voluntarily to the District of Nebraska. Nor is there evidence suggesting that these witnesses could not testify adequately via deposition. See Applied Resources, Inc. v. Electronic Display Systems, 763 F. Supp. 1561, 1561 (D. Kan. 1991). See also Servewell Plumbing, LLC, 439 F.3d at 790 (citing, inter alia, Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986)). Under the circumstances, I cannot say that this factor weighs in favor of a transfer to the Western District of Oklahoma.

3.    Accessibility of Records and Documents

The defendants argue that since the ODOT file is located in Oklahoma, a transfer to Oklahoma would be convenient. (See D.M. Dozers' Br., filing 13, at 6.) In response, the plaintiff argues that to the extent that the ODOT documents are relevant, their location in Oklahoma presents a disadvantage to the plaintiff, not to D.M. Dozers. (See Dobson Brothers' Br., filing 20, at 9.) In addition, the plaintiff notes that there is no evidence that the ODOT documents could not be easily copied and transported. (See id.) I find that considerations relating to the accessibility of records and documents do not weigh significantly in favor of a transfer to the Western District of Oklahoma.

4.    The Location Where the Conduct Complained of Occurred

The defendants argue that this action ought to be transferred to the Western District of Oklahoma because the case concerns a construction project located in that district. (See D.M. Dozers' Br., filing 13, at 6.) However, the defendants offer no specific reasons why a transfer to the district encompassing the construction site would be advantageous. See Medicap

Pharmacies, Inc. v. Faidley, 416 F. Supp. 2d 678, 689 (S.D. Iowa 2006) (finding that "this factor does not give weight to either side of the analysis" when the defendants failed to support their assertion that a jury visit to the relevant site would "have any significant bearing on the outcome of the case"). As a result, I find that this factor does not weigh significantly in favor of a transfer.

5.   The Applicability of Each Forum State's Substantive Law

The parties are in agreement that the substantive law of the State of Nebraska will apply in this action. (See D.M. Dozers' Br., filing 13, at 6; Dobson Brothers' Br., filing 20, at 10.) This weighs against a transfer to the Western District of Oklahoma.

6.   Judicial Economy

The defendants do not argue that this case should be transferred to promote judicial economy. (See D.M. Dozers' Br., filing 13, at 7.) They merely suggest that if one defendant's motion to transfer is granted, the entire case should be transferred in the interest of judicial economy. (See id.) Though I agree with the suggestion that this action ought not be tried in two districts simultaneously, I find that judicial economy weighs against a transfer.

7.   The Plaintiff's Choice of Forum

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir. 1997) (citations omitted). Because the plaintiff has chosen to litigate in the District of Nebraska, the "choice of forum" factor weighs against a transfer to Oklahoma.

8.   The Comparative Costs to the Parties of Litigating in Each Forum

The defendants argue that litigating in Nebraska, as opposed to Oklahoma, would "exponentially increase[]" their litigation costs. (D.M. Dozers' Br., filing 13, at 7.) The defendants add, "It adds no additional expense on the Plaintiff to litigate this case in Oklahoma." (Id.) In response, the plaintiff argues that the subcontract's forum selection clause should be taken as evidence that it would be more expensive for the plaintiff to litigate in Oklahoma. More specifically, the plaintiff states that it "has experienced counsel in Nebraska and has been able to maximize efficiency with respect to legal disputes by limiting its exposure to the law and procedures to the State of Nebraska." (Dobson Brothers' Br., filing 20, at 11.) The plaintiff also

suggests that it is standard in the construction trade for parties "to accept a lower bid in return for the other party's assent to a forum selection clause." (Id.) On balance, given the rather scant evidence available to me at this time, I find that the overall costs to the parties of litigating in Oklahoma are likely to be less than the costs of litigating in Nebraska. This weighs slightly in favor of a transfer to the Western District of Oklahoma.

9.    Obstacles to a Fair Trial, Conflict of Law Issues, and the Advantages of Having a Local Court Determine Questions of Local Law

The defendants do not argue that they face obstacles to a fair trial in the District of Nebraska or that conflict of law issues weigh in favor of a transfer. (See D.M. Dozers' Br., filing 13, at 7.) Nor do they argue that the advantages of having a local court determine questions of local law weigh in favor of a transfer, though they submit that "[t]here are no unique or difficult questions of local law to be resolved in this case" that might cause difficulties for the Oklahoma courts in the event of a transfer. (Id.) It seems to me that if there is an advantage to having a local court determine questions of local law, this factor weighs against a transfer.

10.    The Forum Selection Clause

As noted above, the defendants consented to the jurisdiction of this court and, therefore, venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(1) and (c). I am mindful of the fact that the subcontract's forum selection clause does not rule out the Western District of Oklahoma, or any other district, as an appropriate venue. Nevertheless, I find it significant that the defendants agreed to submit to the jurisdiction of this court. This factor weighs strongly against a transfer.[3]

In summary, I am not persuaded that this action should be transferred to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Although the convenience of the witnesses and the comparative costs to the parties weigh in favor of a transfer to the Western District of Oklahoma, the applicability of Nebraska's substantive law, judicial economy, the

---

[3] I note parenthetically that the Eighth Circuit has identified two additional factors–"the convenience of the parties" and "each party's ability to enforce a judgment"–that the defendants did not discuss in their briefs. See Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997). These factors do not weigh in favor of a transfer to the Western District of Oklahoma.

8

plaintiff's choice of forum, the advantages of having a local court determine questions of local law, and the forum selection clause weigh against a transfer. The defendants' motions shall therefore be denied.

### C. The Plaintiff's Motion to Strike

Nebraska Civil Rule 7.1(c) provides that a "moving party may file a reply brief and index of evidence no later than five (5) days after the non-moving party files and serves the opposing brief." The plaintiff filed its briefs in opposition to the defendants' motions on November 13, 2006. (See filings 20, 22.) On December 28, 2006, the defendants filed a "Consolidated Reply Brief in Support of Motion to Dismiss/Change of Venue," along with an index of evidence. (See filings 26, 29.) The plaintiff has moved to strike the defendants' reply brief or, in the alternative, for leave to submit a sur-reply brief. (See filing 30.) The defendants' reply brief is untimely, and it will be stricken. I note parenthetically, however, that I have reviewed the defendants' reply brief and the plaintiff's proposed sur-reply brief, and I find nothing in those documents that would alter my analysis of the defendants' motions.

**IT IS ORDERED** that the defendants' motions to dismiss the complaint or, in the alternative, to transfer the action to the United States District Court for the Western District of Oklahoma, filings 11 and 14, are denied.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike the defendants' consolidated reply brief, filing 30, is granted.

Dated January 25, 2007.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge